**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 24-54623-PWB |
| | : | |
| **BELINDA'S SOUTHERN CUISINE INC.,** | : | **Chapter 11** |
| | : | |
| Debtor. | : | **SubChapter V** |
| _____ | : | |
| | : | |
| **BELINDA'S SOUTHERN CUISINE INC.,** | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | **CONTESTED MATTER** |
| | : | |
| **NEWTEK SMALL BUSINESS FINANCE, LLC; and TOAST CAPITAL LOAN LLC on behalf of WEBBANK,** | : | |
| | : | |
| Respondents. | : | |
| _____ | : | |

**DEBTOR'S EMERGENCY MOTION FOR (1) ORDER AUTHORIZING USE OF CASH COLLATERAL TO AVOID IMMEDIATE AND IRREPARABLE HARM, AND FOR (2) FINAL ORDER AUTHORIZING CASH COLLATERAL USE UPON <u>SHORTENED NOTICE</u>**

COMES NOW Belinda's Southern Cuisine Inc., debtor and debtor in possession in the above-styled chapter 11 case ("**Debtor**"), and hereby files this Emergency Motion ("**Motion**") for the entry and approval of an order, pursuant to Sections 105, and 363 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, modified, or supplemented, the "**Bankruptcy Code**") and Rules 2002 and 4001 of the Federal Rules of Bankruptcy Procedure, (i) authorizing Debtor's use of "cash collateral", as that term is defined in 11 U.S.C. §363(a), in which the above named Respondents may have an interest on an emergency basis to operate its business substantially in accordance with the proposed budget ("**Budget**") attached hereto as

Exhibit "A" and the proposed Interim Order (as defined below) attached as **Exhibit "B"**. In support hereof, Debtor shows as follows:

## CONCISE STATEMENT OF RELIEF SOUGHT (Cash Collateral)

| | |
|---|---|
| **Relief Sought:** | **Authority to use Cash Collateral (See, Paragraph 10 of the Motion; Paragraph K of the Proposed Order) on an interim basis and, pending a Final Hearing (defined below), final authority to use Cash Collateral** |
| **Entities Who May Have An Interest In Cash Collateral To The Extent Allowed As A Secured Claim Under § 506 of the Code.** | **Newtek Small Business Finance, LLC; and Toast Capital Loan LLC on behalf of WebBank (together, "Respondents").** |
| **Purposes for the Use of Cash Collateral:** | **Payment of operational and administrative expenses substantially in accordance with the Budget attached as Exhibit "A" (See, Paragraph 10 of the Motion; Paragraph K of the Proposed Order)** |
| **Duration:** | **The period commencing on the Petition Date and ending on the earlier of the following dates or events: (a) the appointment of a Chapter 11 Trustee; (b) the conversion of this Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code; (c) the occurrence of a default hereunder which remains uncured as provided herein; (d) the entry of an order dismissing the Bankruptcy Case and such Order becoming effective pursuant to its terms; or (e) further order of this Bankruptcy Court (See, Paragraph 10 of the Motion; Paragraph 3(a) of the Proposed Order)** |
| **Adequate Protection:** | **A replacement lien on all property of the kind and in the same priority as the respective liens of Respondents attached as of the Petition Date (Paragraph 14 of the Motion; Paragraph 9 of the Proposed Order).** |
| **Events of Default:** | **The occurrence or existence of any one or more of the following events or conditions will constitute an "Event of Default": (i) the conversion or dismissal of the case; or (ii) the appointment of a trustee or an examiner with** |

**expanded powers in the case; and (iii) Debtor's failure
to comply with the Interim Order and the Final Order.**

## INTRODUCTION

1. On May 6, 2023 ("**Petition Date**"), Debtor filed its voluntary petition for relief under Chapter 11 Subchapter V of Title 11 of the Bankruptcy Code. In accordance with Sections 1107 and 1108 of the Bankruptcy Code, Debtor continues to function in all respects as a debtor in possession.

2. Tamara Miles Ogier has been appointed Subchapter V trustee.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. The statutory predicate for the relief requested herein is § 363 of the Bankruptcy Code.

## BACKGROUND

5. The Debtor was incorporated on July 29, 2020 in the State of Georgia. Belinda Hull is the Debtor's manager and sole shareholder and officer. The Debtor is a restaurant offering southern soul food to the public (the "**Business**"). There is a full-service bar and a live band on Saturday nights. The number of employees tends to fluctuate between approximately 9 and 15. The Debtor operates its Business in a 5,192 square foot restaurant building on approximately 1.3 acres titled in its name and located at 7322 Stonecrest Concourse, Lithonia, DeKalb County, Georgia 30038 (the "**Property**"). The records of the DeKalb County Tax Commissioner indicate that the fair market value of the Property is $2,600,000.00.

6. **Newtek Small Business Finance, LLC ("Newtek"):**  Reference is hereby made to that certain U.S. Small Business Administration promissory note dated August 15, 2022 in the original principal amount of $1,590,000.00, executed by the Debtor and delivered to Newtek. Interest accrues at the Wall Street Journal Prime Rate + 2.75% variable rate. Monthly installment payments in the amount of $12,549.03 are due every month on the first calendar day of the month beginning two months from the date of the promissory note. All remaining

principal and accrued interest is due and payable 25 years from the date of the promissory note. Repayment of the indebtedness is secured by, among other things, a deed to secure debt granting a first priority lien on the Property and an assignment of leases and rents filed in the DeKalb County, Georgia public records. A UCC Financing Statement was filed on July 25, 2022 referencing, asserting a security interest in and to, among other things, all inventory, equipment, and accounts, all filed in the DeKalb County, Georgia public records. Brenda Hull executed a personal guaranty of the indebtedness.

7. **Toast Capital Loan LLC ("Toast Capital") on behalf of WebBank:**  Upon information and belief, WebBank asserts a secured claim in the amount of $60,502.00 as follows:  Reference is hereby made to that certain Business Loan and Security Agreement dated April 4, 2024 by and between the Debtor, as "Borrower", and WebBank, as "Lender", whereby WebBank provided funding to the Debtor in the amount of $49,200.00. The Total Repayment Amount is $62,976.00, the Daily Holdback Percentage is 5.73%, the Target maturity is 360 days, and the Maximum Loan Term is 420 days.

The Business Loan and Security Agreement provides that daily payments are calculated based on the daily holdback percentage 5.73% of payment card receipts processed under the Debtor's Toast Merchant Agreement. The estimated initial payment amount is $174.93 and will change daily based on actual sales revenue. Any outstanding balance after 420 days is to be collected via ACH from the Debtor's bank account. A UCC Financing Statement was filed April 12, 2024 with the DeIKalb County Clerk of Court asserting a security interest in and to, among other things, all accounts receivable and payments.

8. The fair market value of Debtor's assets as of on or about the Petition Date is estimated as follows:

$2,600,000.00 the Property
17,000.00 cash in the bank
+    75,000.00 restaurant equipment, furnishings, and supplies
$2,692,000.00

9. To the extent Respondents' claims are allowed as secured claims under § 506 of the Code, Debtor's accounts, rights of payment, cash, and proceeds thereof may constitute Respondents' "**Cash Collateral**" as that term is defined in 11 U.S.C. §363(a).

## **RELIEF REQUESTED**

10. By this Motion, Debtor seeks (i) interim authorization to use Cash Collateral in accordance with the Budget attached hereto as **Exhibit "A"** pending a final hearing (hereinafter, the period for which interim authority is sought is referred to as the "**Interim Period**"). Debtor proposes to use Cash Collateral for general and administrative expenses as set forth in the Budget. The expenses incurred by Debtor and for which Cash Collateral will be used will all be incurred in the normal and ordinary course of Debtors' business. A proposed "Interim Order Authorizing Limited Use of Cash Collateral by Debtor in Possession and Providing Adequate Protection" (the "**Proposed Order**") is attached hereto as **Exhibit "B"**.

11. Bankruptcy Code Section 363(c)(2) provides that a debtor in possession may not use cash collateral unless an entity that has an interest in such cash collateral consents or the Court approves the use, conditioned on provision of adequate protection. Section 363(o) provides that at a hearing on the use of cash collateral, the entity asserting an interest in the cash collateral has the burden of proof on the issue of the validity, priority, or extent of such interest, and the debtor in possession has the burden of proof on the issue of adequate protection. Rule 4001(b)(2) provides that the Court may not hold a final hearing on a motion to use cash collateral earlier than 14 days after service of the motion but may authorize the use of cash collateral prior to a final hearing as necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

12. Debtor requests authority to use Cash Collateral for the purpose of avoiding immediate and irreparable harm to the estate. The authority to continue using Cash Collateral should continue until the Court rules on Debtor's request following the Final Hearing.

13. The Debtor recognizes that, to the extent that Respondents have a secured Cash Collateral interest, Respondents are entitled to adequate protection of their respective interests in the Cash Collateral within the meaning of 11 U.S.C. §§ 361 and 363.

14. Debtor proposes to provide adequate protection by granting Respondents a replacement lien in Debtor's property of the kind and in the priority as Respondents' liens may have attached to Debtor's property as of the Petition Date.

### FINAL AUTHORITY FOR USE OF CASH COLLATERAL

15. Debtor further requests that the Court schedule a Final Hearing on Cash Collateral use and, following such hearing, enter a final order authorizing Cash Collateral use. At such hearing, the Court will consider any additional adequate protection requested by Respondents or agreed upon by Debtor.

### BASIS FOR RELIEF FOR USE OF CASH COLLATERAL

### THE COURT SHOULD APPROVE THE MOTION BECAUSE LENDER HAS BEEN PROVIDED ADEQUATE PROTECTION

16. Debtor agrees to provide adequate protection as contemplated by Section 363(c)(2) of the Bankruptcy Code and hereby seek the Court's approval thereof. The Bankruptcy Code does not explicitly define "adequate protection," but does provide a non-exclusive list of the means by which a debtor may provide adequate protection, including "other relief" resulting in the "indubitable equivalent" of the secured creditor's interest in such property. 11 U.S.C. §361. What constitutes adequate protection must be evaluated on a case-by-case basis. *In re Swedeland Dev. Group Inc.,* 16 F.3d 552, 564 (3rd Cir. 1994) (*citing In re O'Connor,* 808 F.2d 1393, 1396-97 (10th Cir. 1987)); *In re Martin,* 761 F.2d 472, 476 (8th Cir. 1985).

17. Adequate protection is meant to ensure that Respondents receive the value for which they originally bargained. *Swedeland,* 16 F.3d at 564 (*citing O'Connor,* 808 F.2d at 1396) ("the whole purpose of adequate protection for a creditor is to ensure that the creditor receives the value for which he bargained pre bankruptcy"). Courts have noted that "the essence of adequate protection is the assurance of the maintenance and continued recoverability of the lien value during the interim between the filing . . . and the confirmation." *In re Arriens,* 25 B.R. 79, 81 (Bankr. D.Or. 1982). The focus of the requirement is to protect a secured creditor from diminution in value during the use period. *See In re Kain,* 86 B.R 506, 513 (Bankr. W.D. Mich.1988); *In re Becker Indus. Corp.,* 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986); *In re Ledgmere Land Corp.*, 116 B.R. 338, 343 (Bankr. D. Mass. 1990).

18. Debtor has agreed to provide such adequate protection pursuant to the terms hereof in the form of a post- petition replacement lien, as follows: In connection with the Debtor's use of cash collateral during the Interim Period and to provide Respondents adequate protection in

respect of the Debtor's use of such Cash Collateral as well as for any decrease in the value of their interests in their collateral during the Interim Period, Debtor agrees, subject to approval of this Court, to grant Respondents *nunc pro tunc* as of the Petition Date, a lien pursuant to 11 U.S.C. §361(2) on and in all of the Debtor's property to the same extent and priority and of the same kind and nature as Respondents may have had in and to the collateral and Cash Collateral as of the Petition Date.

## THE USE OF CASH COLLATERAL
## WILL PRESERVE DEBTOR'S ASSETS AND VALUE

19. Debtor must use the Cash Collateral in order to meet all ongoing expenses necessary for the operation of its business. Debtor has no funds other than the Cash Collateral with which to pay such expenses of operation. If such expenses are not paid, Debtor will be unable to continue its business operations and reorganize. Such a result would be to the detriment of the creditors and bankruptcy estate. In contrast, granting authority will allow Debtor to maintain operations and preserve its value.

20. Immediate use of the Cash Collateral is necessary to avoid immediate and irreparable harm to the estate. Debtor's request to use Cash Collateral for the operation of its business is based upon sound business reasoning.

21. It is well established that a bankruptcy court, where possible, should resolve issues in favor of preserving the business of the debtor as a going concern:

> A debtor, attempting to reorganize a business under Chapter 11, clearly has a compelling need to use "cash collateral" in its effort to rebuild. Without the availability of cash to meet daily operating expenses such as rent, payroll, utilities, etc., the congressional policy favoring rehabilitation over economic failure would be frustrated.

> *In re George Ruggiere Chrysler-Plymouth, Inc.,* 727 F.2d 1017, 1019 (11th Cir. 1984).

WHEREFORE, Debtor respectfully requests that the Court enter an order:

(A) authorizing Debtor to use the Cash Collateral pursuant to the terms set forth above and substantially in accordance with the Budget during the Interim Period, and provide the adequate protection described herein,

(B) setting a Final Hearing hereon at least fourteen (14) days after the entry of an interim order on this Motion, and

(C) granting such other and further relief as the Court deems just and proper.

Dated: May 15, 2024

Prepared and submitted by,
PAUL REECE MARR, P.C.
Debtor's attorney

 /s/ Paul Reece Marr
Paul Reece Marr
GA Bar No. 471230
6075 Barfield Road
Suite 213
Sandy Springs, GA 30328
Telephone: 770-984-2255
Email: paul.marr@marrlegal.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | : | **Case No. 24-54623-PWB** |
| | : | |
| **BELINDA'S SOUTHERN CUISINE INC.,** | : | **Chapter 11** |
| | : | |
| Debtor. | : | **SubChapter V** |
| ———————————————— | : | |
| | : | |
| **BELINDA'S SOUTHERN CUISINE INC.,** | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | **CONTESTED MATTER** |
| | : | |
| **NEWTEK SMALL BUSINESS FINANCE,** | : | |
| **LLC; and TOAST CAPITAL LOAN LLC** | : | |
| **on behalf of WEBBANK,** | : | |
| | : | |
| Respondents. | : | |
| ———————————————— | : | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day electronically filed the foregoing *DEBTOR'S EMERGENCY MOTION FOR (1) ORDER AUTHORIZING USE OF CASH COLLATERAL TO AVOID IMMEDIATE AND IRREPARABLE HARM, AND FOR (2) FINAL ORDER AUTHORIZING CASH COLLATERAL USE UPON SHORTENED NOTICE* using the Bankruptcy Court's Electronic Case Filing program which sends a notice of this document and an accompanying link to this document to all registered parties who have filed appearances in the above captioned case as follows:

Alan Hinderleider on behalf of U.S. Trustee
United States Trustee
Alan.Hinderleider@usdoj.gov

Tamara M. Ogier (Sub V Trustee)
tmo@orratl.com,
jc@orratl.com;tmo@trustesolutions.net;ctm
o11@trustesolutions.net

9

This the 15th day of May, 2024.

                                  /s/ Paul Reece Marr
                                  Paul Reece Marr
                                  GA Bar No. 471230

PAUL REECE MARR, P.C.
6075 Barfield Road
Suite 213
Sandy Springs, GA 30328
770-984-2255
paul.marr@marrlegal.com

**EXHIBIT "A"**
**PROJECTED MONTHLY BUDGET**

**Belinda's Southern Cuisine Inc**
**Statement of Income**
**For the Month Ended 05/31/2024**

| | |
|---|---:|
| **Revenues** | |
| Products | 117,800.00 |
|    Less Returns and Allowances | |
| Services | |
| Other | |
| **Total Revenue** | **117,800.00** |
| | |
| **Costs** | |
| Products | |
| Services | 18,901.00 |
| Other | |
| **Total Cost** | **18,901.00** |
| | |
| **GROSS PROFIT** | **98,899.00** |
| | |
| **Operating Expenses** | |
| General and Administrative | |
| Insurance | 2,724.00 |
| Non Recurring | |
| Payroll Taxes | 2,225.00 |
| Rent | 17,009.00 |
| Research and Development | |
| Salaries and Wages | 32,225.00 |
| Sales and Marketing | 2,000.00 |
| Utilities | 4,482.00 |
| Other | |
| **Total Operating Expenses** | **60,665.00** |
| | |
| **OPERATING INCOME** | **38,234.00** |
| | |
| **Non-Operating or Other** | |
| Interest Revenue | |
| Interest Expense | |
| Gain on Sale of Assets | (3,890.00) |
| Loss on Sale of Assets | |
| Gain from Legal Action | |
| Loss from Legal Action | |
| Depreciation and Amortization | |
| Other Gain | |
| Other Loss | |
| **Total Non-Operating or Other** | **3,890.00** |
| | |
| **PRE-TAX INCOME** | **34,344.00** |

**Taxes**
Income Tax Expense                                                  8,246.00

**NET INCOME**                                                    $26,098.00

Belinda Hull
5-4-24

**Belinda's Southern Cuisine Inc**
**Statement of Income**
**For the Month Ended 06/30/2024**

| | |
|---|---:|
| **Revenues** | |
| Products | |
|     Less Returns and Allowances | 119,500.00 |
| Services | |
| Other | |
| **Total Revenue** | |
| | **119,500.00** |
| | |
| **Costs** | |
| Products | |
| Services | 19,200.00 |
| Other | |
| **Total Cost** | |
| | **19,200.00** |
| | |
| **GROSS PROFIT** | |
| | **100,300.00** |
| | |
| **Operating Expenses** | |
| General and Administrative | |
| Insurance | |
| Non Recurring | 2,724.00 |
| Payroll Taxes | |
| Rent | 2,225.00 |
| Research and Development | 17,009.00 |
| Salaries and Wages | |
| Sales and Marketing | 32,225.00 |
| Utilities | 2,000.00 |
| Other | 4,592.00 |
| **Total Operating Expenses** | 3,100.00 |
| | **63,875.00** |
| | |
| **OPERATING INCOME** | |
| | **36,425.00** |
| | |
| **Non-Operating or Other** | |
| Interest Revenue | |
| Interest Expense | |
| Gain on Sale of Assets | () |
| Loss on Sale of Assets | |
| Gain from Legal Action | |
| Loss from Legal Action | |
| Depreciation and Amortization | |
| Other Gain | |
| Other Loss | |
| **Total Non-Operating or Other** | |
| | **0.00** |
| | |
| **PRE-TAX INCOME** | |
| | **36,425.00** |

**Taxes**
Income Tax Expense

8,365.00

**NET INCOME**

**$28,060.00**

*Belinda Hull*
*5-4-24*

### Belinda's Southern Cuisine Inc
### Statement of Income
### For the Month Ended 07/31/2024

| | |
|---|---:|
| **Revenues** | |
| Products | |
|    Less Returns and Allowances | 122,800.00 |
| Services | |
| Other | |
| **Total Revenue** | |
| | **122,800.00** |
| | |
| **Costs** | |
| Products | |
| Services | 21,500.00 |
| Other | |
| **Total Cost** | |
| | **21,500.00** |
| | |
| **GROSS PROFIT** | |
| | **101,300.00** |
| | |
| **Operating Expenses** | |
| General and Administrative | |
| Insurance | |
| Non Recurring | 2,724.00 |
| Payroll Taxes | |
| Rent | 2,900.00 |
| Research and Development | 17,009.00 |
| Salaries and Wages | |
| Sales and Marketing | 35,980.00 |
| Utilities | 2,500.00 |
| Other | 4,900.00 |
| **Total Operating Expenses** | 3,290.00 |
| | **69,303.00** |
| | |
| **OPERATING INCOME** | |
| | **31,997.00** |
| | |
| **Non-Operating or Other** | |
| Interest Revenue | |
| Interest Expense | |
| Gain on Sale of Assets | |
| Loss on Sale of Assets | |
| Gain from Legal Action | |
| Loss from Legal Action | |
| Depreciation and Amortization | |
| Other Gain | |
| Other Loss | |
| **Total Non-Operating or Other** | |
| | **0.00** |
| | |
| **PRE-TAX INCOME** | |
| | **31,997.00** |

**Taxes**
Income Tax Expense

8,596.00

**NET INCOME**

$23,401.00

*Belinda Hull*

*5-4-24*

**Belinda's Southern Cuisine Inc**
**Statement of Income**
**For the Month Ended 08/31/2024**

| | |
|---|---:|
| **Revenues** | |
| Products | |
| Less Returns and Allowances | 125,700.00 |
| Services | |
| Other | |
| **Total Revenue** | |
| | **125,700.00** |
| | |
| **Costs** | |
| Products | |
| Services | 23,990.00 |
| Other | |
| **Total Cost** | |
| | **23,990.00** |
| | |
| **GROSS PROFIT** | **101,710.00** |
| | |
| **Operating Expenses** | |
| General and Administrative | |
| Insurance | 2,724.00 |
| Non Recurring | |
| Payroll Taxes | 2,900.00 |
| Rent | 17,009.00 |
| Research and Development | |
| Salaries and Wages | 35,980.00 |
| Sales and Marketing | 2,000.00 |
| Utilities | 4,970.00 |
| Other | 3,290.00 |
| **Total Operating Expenses** | **68,873.00** |
| | |
| **OPERATING INCOME** | **32,837.00** |
| | |
| **Non-Operating or Other** | |
| Interest Revenue | |
| Interest Expense | |
| Gain on Sale of Assets | |
| Loss on Sale of Assets | |
| Gain from Legal Action | |
| Loss from Legal Action | |
| Depreciation and Amortization | |
| Other Gain | |
| Other Loss | |
| **Total Non-Operating or Other** | **0.00** |
| | |
| **PRE-TAX INCOME** | **32,837.00** |

**Taxes**

Income Tax Expense                                                      8,799.00

**NET INCOME**                                                    **$24,038.00**

Belinda Hull
5-4-24

**Belinda's Southern Cuisine Inc**
**Statement of Income**
**For the Month Ended 09/30/2024**

### Revenues

| | |
|---|---|
| Products | |
| Less Returns and Allowances | 130,500.00 |
| Services | |
| Other | |
| **Total Revenue** | |
| | **130,500.00** |

### Costs

| | |
|---|---|
| Products | |
| Services | 24,500.00 |
| Other | |
| **Total Cost** | |
| | **24,500.00** |

| | |
|---|---|
| **GROSS PROFIT** | **106,000.00** |

### Operating Expenses

| | |
|---|---|
| General and Administrative | |
| Insurance | |
| Non Recurring | 2,724.00 |
| Payroll Taxes | |
| Rent | 2,900.00 |
| Research and Development | 17,009.00 |
| Salaries and Wages | |
| Sales and Marketing | 35,980.00 |
| Utilities | 4,000.00 |
| Other | 4,520.00 |
| **Total Operating Expenses** | 3,590.00 |
| | **70,723.00** |

| | |
|---|---|
| **OPERATING INCOME** | **35,277.00** |

### Non-Operating or Other

| | |
|---|---|
| Interest Revenue | |
| Interest Expense | |
| Gain on Sale of Assets | |
| Loss on Sale of Assets | |
| Gain from Legal Action | |
| Loss from Legal Action | |
| Depreciation and Amortization | |
| Other Gain | |
| Other Loss | |
| **Total Non-Operating or Other** | |
| | **0.00** |

| | |
|---|---|
| **PRE-TAX INCOME** | **35,277.00** |

**Taxes**
Income Tax Expense                                        9,135.00

**NET INCOME**                                          **$26,142.00**

*Belinda Hull*
*5-4-24*

**Belinda's Southern Cuisine Inc**
**Statement of Income**
**For the Month Ended 10/31/2024**

| | |
|---|---:|
| **Revenues** | |
| Products | |
|     Less Returns and Allowances | 133,009.00 |
| Services | |
| Other | |
| **Total Revenue** | |
| | **133,009.00** |
| | |
| **Costs** | |
| Products | |
| Services | 25,500.00 |
| Other | |
| **Total Cost** | |
| | **25,500.00** |
| | |
| **GROSS PROFIT** | |
| | **107,509.00** |
| | |
| **Operating Expenses** | |
| General and Administrative | |
| Insurance | 2,724.00 |
| Non Recurring | |
| Payroll Taxes | 2,900.00 |
| Rent | 17,009.00 |
| Research and Development | |
| Salaries and Wages | 35,980.00 |
| Sales and Marketing | 4,000.00 |
| Utilities | 4,520.00 |
| Other | 3,800.00 |
| **Total Operating Expenses** | |
| | **70,933.00** |
| | |
| **OPERATING INCOME** | |
| | **36,576.00** |
| | |
| **Non-Operating or Other** | |
| Interest Revenue | |
| Interest Expense | |
| Gain on Sale of Assets | |
| Loss on Sale of Assets | |
| Gain from Legal Action | |
| Loss from Legal Action | |
| Depreciation and Amortization | |
| Other Gain | |
| Other Loss | |
| **Total Non-Operating or Other** | |
| | **0.00** |
| | |
| **PRE-TAX INCOME** | |
| | **36,576.00** |

**Taxes**
Income Tax Expense                                              9,311.00

**NET INCOME**                                              $27,265.00

*Belinda Hulf*

5 - 4 - 24

**EXHIBIT "B"**
**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | : | **Case No. 24-54623-PWB** |
| | : | |
| **BELINDA'S SOUTHERN CUISINE INC.,** | : | **Chapter 11** |
| | : | |
| Debtor. | : | **SubChapter V** |
| | : | |
| | : | |
| **BELINDA'S SOUTHERN CUISINE INC.,** | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | **CONTESTED MATTER** |
| | : | |
| **NEWTEK SMALL BUSINESS FINANCE,** | : | |
| **LLC; and TOAST CAPITAL LOAN LLC** | : | |
| **on behalf of WEBBANK,** | : | |
| | : | |
| Respondents. | : | |

**INTERIM ORDER (1) AUTHORIZING LIMITED USE OF CASH COLLATERAL BY
DEBTOR IN POSSESSION AND PROVIDING ADEQUATE PROTECTION, AND
(2) PROVIDING NOTICE OF FINAL HEARING UPON SHORTENED NOTICE**

This matter came on for a hearing before the Court on _____, 2024 (the

"**Preliminary Hearing**"), on the "Emergency Motion of Debtor for (1) Order Authorizing Use of

–12–

Cash Collateral to Avoid Immediate and Irreparable Harm, and (2) Final Order Authorizing Cash Collateral Use Upon Shortened Notice" filed on May 15, 2024 by Belinda's Southern Cuisine Inc., debtor and debtor in possession ("**Debtor**"), pursuant to Sections 363 and 542 of the Bankruptcy Code and Bankruptcy Rule 4001(b) ("**Motion**"), seeking entry of a Court order authorizing the Debtor to use certain cash that may be subject to security interests and liens in favor of the above-named Respondents.

Having considered the matters set forth in the Motion and all representations of counsel at the Preliminary Hearing, the Court makes the following findings of fact and conclusions of law applicable to the use of cash collateral by Debtor and the adequate protection to Respondents (to the extent any findings of fact constitutes conclusion of law, they are adopted as such, and *vice versa*):

DEBTOR ALLEGES THE FOLLOWING:

A. On May 6, 2024 ("**Petition Date**"), the Debtor filed its voluntary petition for relief under Chapter 11 Subchapter V of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, modified, or supplemented, the "**Bankruptcy Code**"). In accordance with Sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues to function in all respects as a debtor in possession.

B. Tamara Miles Ogier has been appointed Subchapter V trustee.

C. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

D. The statutory predicate for the relief requested herein is § 105(a) of the Bankruptcy Code.

## **BACKGROUND**

E. The Debtor was incorporated on July 29, 2020 in the State of Georgia. Belinda Hull is the Debtor's manager and sole shareholder and officer. The Debtor is a restaurant offering southern soul food to the public (the "**Business**"). There is a full-service bar and a live band on Saturday nights. The number of employees tends to fluctuate between approximately 9 and 15.

–13–

The Debtor operates its Business in a 5,192 square foot restaurant building on approximately 1.3 acres titled in its name and located at 7322 Stonecrest Concourse, Lithonia, DeKalb County, Georgia 30038 (the "**Property**").  The records of the DeKalb County Tax Commissioner indicate that the fair market value of the Property is $2,600,000.00.

 F. **Newtek Small Business Finance, LLC ("Newtek")**:  Reference is hereby made to that certain U.S. Small Business Administration promissory note dated August 15, 2022 in the original principal amount of $1,590,000.00, executed by the Debtor and delivered to Newtek. Interest accrues at the Wall Street Journal Prime Rate + 2.75% variable rate.  Monthly installment payments in the amount of $12,549.03 are due every month on the first calendar day of the month beginning two months from the date of the promissory note.  All remaining principal and accrued interest is due and payable 25 years from the date of the promissory note. Repayment of the indebtedness is secured by, among other things, a deed to secure debt granting a first priority lien on the Property and an assignment of leases and rents filed in the DeKalb County, Georgia public records.  A UCC Financing Statement was filed on July 25, 2022 referencing, asserting a security interest in and to, among other things, all inventory, equipment, and accounts, all filed in the DeKalb County, Georgia public records. Brenda Hull executed a personal guaranty of the indebtedness.

 G. **Toast Capital Loan LLC ("Toast Capital") on behalf of WebBank:**  Upon information and belief, WebBank asserts a secured claim in the amount of $60,502.00 as follows:  Reference is hereby made to that certain Business Loan and Security Agreement dated April 4, 2024 by and between the Debtor, as "Borrower", and WebBank, as "Lender", whereby WebBank provided funding to the Debtor in the amount of $49,200.00.  The Total Repayment Amount is $62,976.00, the Daily Holdback Percentage is 5.73%, the Target maturity is 360 days, and the Maximum Loan Term is 420 days.

 The Business Loan and Security Agreement provides that daily payments are calculated based on the daily holdback percentage 5.73% of payment card receipts processed under the Debtor's Toast Merchant Agreement. The estimated initial payment amount is $174.93 and will change daily based on actual sales revenue. Any outstanding balance after 420 days is to be collected via ACH from the Debtor's bank account.  A UCC Financing Statement was filed

April 12, 2024 with the DeIKalb County Clerk of Court asserting a security interest in and to, among other things, all accounts receivable and payments.

     H.  The fair market value of Debtor's assets as of on or about the Petition Date is estimated as follows:

> $2,600,000.00 the Property
>     17,000.00 cash in the bank
> +    75,000.00 restaurant equipment, furnishings, and supplies
> $2,692,000.00

     I.  To the extent Respondents' claims are allowed as secured claims under § 506 of the Code, Debtor's accounts, rights of payment, cash, and proceeds thereof may constitute Respondents' "**Cash Collateral**" as that term is defined in 11 U.S.C. §363(a).

     J.  By the Motion, Debtor seeks (i) interim authorization to use Cash Collateral substantially in the amounts and for the purposes specified in the budget prepared by Debtor and annexed hereto as **Exhibit A** (the "**Budget**") pending a final hearing (hereinafter, the period for which interim authority is sought is referred to as the "**Interim Period**"). Debtor proposes to use Cash Collateral for general and administrative expenses as set forth in the Budget. The expenses incurred by Debtor and for which Cash Collateral will be used will all be incurred in the normal and ordinary course of Debtors' business. An immediate and ongoing need exists for Debtor to use Cash Collateral to continue the operations of the business as a debtor in possession under Chapter 11 of the Bankruptcy Code, to preserve the value of Debtor's assets as a "going concern," and to avoid disruption to operations;

     K.  Debtor's counsel has certified that a copy of the Motion, together with notice of the Interim Hearing, has been served by electronic mail, telecopy transmission, or overnight delivery, upon the United States Trustee, Respondents, any known attorneys for Respondents, the creditors listed on the list filed with the Court pursuant to Bankruptcy Rule 1007(d), and any party having filed a Notice of Appearance requesting service of notices in this bankruptcy case. Debtor alleges that notice of the Motion, as it relates to this Order, is sufficient for all purposes under the Bankruptcy Code and the Bankruptcy Rules, including, without limitation, Sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b).

     L.  Good cause has been shown for the entry of this Order and authorization for Debtor to use Cash Collateral pending the final hearing on the Motion pursuant to Bankruptcy Rule

4001(b) . Debtor's need for the use of Cash Collateral is immediate and critical, and entry of this Order will minimize disruption of Debtor's business and serve to

preserve the assets of Debtor's estate and is in the best interest of Debtor, its creditors and estate.

M. The use of Cash Collateral and adequate protection arrangements authorized hereunder have been proposed in good faith and at arm's length, and the terms of such Cash Collateral use and adequate protection arrangements are fair and reasonable under the circumstances, reflect Debtor's exercise of prudent business judgment, and are supported by reasonably equivalent value and fair consideration.

N. Respondents are entitled to adequate protection of their respective interests in the Cash Collateral; and

O. This Court has jurisdiction to enter this Order pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding, as defined in 28 U.S.C. § 157(b)(2).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. <u>Disposition of Motion</u>. The Motion is hereby GRANTED on an interim basis and Debtor is authorized to use Cash Collateral as hereinafter set forth.

2. **NOTICE OF FINAL HEARING**.  The Motion shall be considered on a final basis on _____, 2024 at _____ in Courtroom 1401 of the Richard B. Russell Federal Building, 75 Ted Turner Drive, S.W., Atlanta, Georgia (the "**Final Hearing**"), which may be attended in person or via the Court's Virtual Hearing Room.  You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing.  You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise.  Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

Debtor's counsel shall serve a copy of this Interim Order and Notice on the United States Trustee, the Respondents, and the twenty (20) largest unsecured creditors, and any persons

–16–

having filed notices of appearance requesting service of notice in this bankruptcy case. Your rights may be affected by the court's ruling on the Motion. You should read these pleadings carefully and discuss them with their attorney, if they have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the Final Hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two (2) business days before the Final Hearing. The address of the Clerk's Office is Clerk, U.S. Bankruptcy Court, 75 Ted Turner Drive, S.W., Suite 1340, Atlanta, Georgia 30303. You must also mail a copy of your response to Debtor's counsel, Paul Reece Marr, Esq. at Paul Reece Marr, P.C., 6075 Barfield Road, Suite 213, Sandy Springs, GA 30328.

     3. <u>Definitions</u>. As used herein:

     (a) the term **"Cash Collateral Period"** shall mean the period commencing on the Petition Date and ending on the earlier of the following dates or events: (a) the appointment of a Chapter 11 Trustee; (b) the conversion of this Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code; (c) the occurrence of a default hereunder which remains uncured as provided herein; (d) the entry of an order dismissing the Bankruptcy Case and such Order becoming effective pursuant to its terms; or (e) further order of this Bankruptcy Court;

     (b) the term **"Cash Collateral"** shall mean and include Debtor's post-petition accounts, rights of payment, cash, and proceeds thereof; and

     (c) the term **"Permitted Purposes"** shall mean use by Debtor of Cash Collateral to pay expenses substantially in compliance with the Budget.

     4. <u>Procedures for Use of Cash Collateral</u>. During the Cash Collateral Period, Debtor is authorized to use Cash Collateral for the Permitted Purposes. Debtor shall open and maintain debtor in possession checking accounts ("**DIP Accounts**") as required by the United States Trustee's Operating Requirements for Chapter 11 debtors in possession. Debtor shall deposit all Cash Collateral into its DIP Accounts or other accounts as may be specifically authorized by the Court pursuant to Court Order. Debtor shall pay its authorized post-Petition expenses from the

–17–

DIP Accounts or such other accounts as may be specifically authorized by the Court pursuant to Court Order. Debtor may not exceed the Budget for any given line item by more than ten (10%) percent of the aggregate amount budgeted for that line item per month (the "**Permitted Variance**") without either (i) the consent of Respondents or (ii) further Order of the Bankruptcy Court as provided below provided, however, any budgeted line item amount for the relevant period that is not spent during that Budget period may be carried over and spent (but only with respect to that very same line item) in the next succeeding Budget period. Debtor is also authorized to pay the actual utility charges and deposits as may be required under Section 366(b) of the Bankruptcy Code. In the event that Debtor requires approval for expenditures which exceed the amounts authorized in this Order and the Budget in excess of the Permitted Variance, Debtor shall request such approval by written request to the Respondents and their counsel of record in this bankruptcy case if they have one. Respondents shall have ten (10) business days in which to respond to Debtor's request by serving written notice to Debtor and Debtor's counsel of record. Should Respondents fail to respond to Debtor's request within ten (10) business days, Debtor may treat such failure to respond as an acceptance by Respondents to the expenditure(s) in excess of the budgeted amount plus the Permitted Variance for which permission was sought in the request. In the event any request to make an expenditure in excess of the amount in the Budget plus the Permitted Variance is rejected by a Respondent, Debtor may not use Cash Collateral for such disapproved item without further order of the Bankruptcy Court after notice and an opportunity for hearing are given to the objecting Respondent(s).

    5. Notices. All notices required or permitted under this Order shall be sent to the respective party and attorney at the address listed below either by hand delivery, certified mail return receipt requested, electronic mail, or by facsimile transmission. In the event of notice by certified mail, notice shall be effective upon receipt and refusal of delivery as shown by the return receipt. In the event of notice by electronic mail or facsimile transmission, notice shall be effective upon successful transmission. In the event of notice by hand-delivery, notice shall be effective upon receipt. If notice is given to Respondents, it shall be sent to:

Newtek:                 Newtek Small Business Finance
                        Seth Chandler
                        Portfolio Manager
                        1981 Marcus Avenue, Suite 130
                        New Hyde Park NY 11042
                        schandler@newtekone.com

WebBank:                Toast Capital Loan LLC
                        Aman Narang, CEO
                        401 Park Drive; Suite 801
                        Boston MA 02215
                        capital@toasttab.com

If notice is given to the Debtor, it shall be sent to:

                        Belinda's Southern Cuisine Inc.
                        Attn: Belinda Hull
                        7322 Stonecrest Concourse
                        Lithonia, Georgia 30038
                        belindaahull@gmail.com

                        With a copy to

                        Paul Reece Marr, Esq.
                        Paul Reece Marr, P.C.
                        6075 Barfield Road; Suite 213
                        Sandy Springs, GA 30328-4402
                        Telephone: 770-984-2255
                        Email: paul.marr@marrlegal.com

        6. <u>Monthly operating reports</u>.  Debtor shall provide copies of the monthly operating

reports filed with this Court to the United States Trustee and to Respondents, or to their

respective attorney(s) to the extent that an attorney has filed a notice of appearance.

        7. <u>Cash Collateral Subject to Respondents' Liens</u>. All Cash Collateral shall remain

subject to the respective liens and claims of Respondents under this Order.

        8. <u>Termination of Authority to Use Cash Collateral</u>. After the expiration of the Cash

Collateral Period, Debtor shall forthwith cease to use any Cash Collateral except to the extent

otherwise expressly authorized by Respondents in writing or allowed by order of the Court after

notice and a hearing.

        9. <u>Adequate Protection to Respondents</u>. As adequate protection of their interests, pursuant

to Bankruptcy Code §§ 361 and 363(e), Respondents are granted replacement liens in Debtor's property of the kind and in the priority as Respondents' respective liens may have attached to Debtor's property as of the Petition Date.

10. Reservation of Rights. Nothing contained in this Order shall be deemed to constitute a finding with respect to the adequacy of the protection of the interests of Respondents in their collateral or a waiver by Respondents of their right to seek other or additional relief from the Court, including, without limitation, the right to seek additional protection, to move for relief from the automatic stay, to seek a dismissal or conversion of this Chapter 11 case, or to seek the appointment of a trustee or examiner.

11. Events of Default. The occurrence or existence of any one or more of the following events or conditions will constitute an **"Event of Default"**: (i) the conversion or dismissal of the case; or (ii) the appointment of a trustee or an examiner with expanded powers in the case; and (iii) Debtor's failure to comply with the Interim Order.

12. Remedies Upon Event of Default. Upon the occurrence of an Event of Default, Respondents may file under this Court's CM/ECF filing system an affidavit of default specifying such Event of Default with service upon Debtor and Debtor's counsel at the addresses for the same as reflected in the Court's CM/ECF filing system.  Unless otherwise directed by order of this Court, Debtor's right to use Cash Collateral shall terminate on the tenth (10th) business day following the filing of such written affidavit of default unless Debtor cures said Event of Default within said ten (10) business day-time period.  If Debtor disputes that an Event of Default has in fact occurred, Debtor may file a contravening affidavit within ten (10) business days of the date of filing of the affidavit of default with service upon the objecting Respondent(s) and their counsel of record at the addresses for the same as reflected in the Court's CM/ECF filing system. If no such contravening affidavit is timely filed, Debtor shall forthwith cease any further use of Cash Collateral and the Court may enter an order prohibiting further use of Cash Collateral. If Debtor timely files a contravening affidavit, the Court shall set a hearing to consider the matter. Notwithstanding the occurrence of an Event of Default or anything herein to the contrary, all of the rights, remedies, benefits, and protections provided to Respondents under this Order shall survive.

13. Survival of Provisions of This Order. The provisions of this Order and any action

taken pursuant to the terms hereof shall survive the entry of any order that may be entered
dismissing the case or converting the cases to a case under Chapter 7 of the Bankruptcy Code,
and all of the terms and conditions of this Order as well as the liens and security interests granted
pursuant hereto shall continue in this or in any superseding case under the Bankruptcy Code, and
such liens and security interests shall retain their priorities provided by this Order until satisfied
and discharged.

** END OF DOCUMENT**

Prepared and presented by,
PAUL REECE MARR, P.C.
Debtor's attorney

_____
Paul Reece Marr
GA Bar No. 471230
6075 Barfield Road
Suite 213
Sandy Springs, GA 30328-4402
Telephone: 770-984-2255
Email: paul.marr@marrlegal.com

DISTRIBUTION LIST

Pursuant to Local Rule 9013-2(b) for the United States Bankruptcy Court, Northern District of Georgia, following is a list of all parties to be served with a copy of this Order:

Paul Reece Marr
Paul Reece Marr, P.C.
6075 Barfield Road
Suite 213
Sandy Springs, GA 30328

Alan Hinderleider
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Tamara Miles Ogier
Subchapter V Trustee
Ogier, Rothschild & Rosenfeld, P.C.
P.O. Box 1547
Decatur, Georgia 30031

**Exhibit A**
**(Budget)**

**Belinda's Southern Cuisine Inc**
**Statement of Income**
**For the Month Ended 05/31/2024**

| | |
|---|---:|
| **Revenues** | |
| Products | |
|     Less Returns and Allowances | 117,800.00 |
| Services | |
| Other | |
| **Total Revenue** | |
| | **117,800.00** |
| | |
| **Costs** | |
| Products | |
| Services | 18,901.00 |
| Other | |
| **Total Cost** | |
| | **18,901.00** |
| | |
| **GROSS PROFIT** | |
| | **98,899.00** |
| | |
| **Operating Expenses** | |
| General and Administrative | |
| Insurance | |
| Non Recurring | 2,724.00 |
| Payroll Taxes | |
| Rent | 2,225.00 |
| Research and Development | 17,009.00 |
| Salaries and Wages | |
| Sales and Marketing | 32,225.00 |
| Utilities | 2,000.00 |
| Other | 4,482.00 |
| **Total Operating Expenses** | |
| | **60,665.00** |
| | |
| **OPERATING INCOME** | |
| | **38,234.00** |
| | |
| **Non-Operating or Other** | |
| Interest Revenue | |
| Interest Expense | |
| Gain on Sale of Assets | (3,890.00) |
| Loss on Sale of Assets | |
| Gain from Legal Action | |
| Loss from Legal Action | |
| Depreciation and Amortization | |
| Other Gain | |
| Other Loss | |
| **Total Non-Operating or Other** | |
| | **3,890.00** |
| | |
| **PRE-TAX INCOME** | |
| | **34,344.00** |

**Taxes**
Income Tax Expense

8,246.00

**NET INCOME**

$26,098.00

Belinda Hull

5-4-24

**Belinda's Southern Cuisine Inc**
**Statement of Income**
**For the Month Ended 06/30/2024**

| | |
|---|---:|
| **Revenues** | |
| Products | |
|    Less Returns and Allowances | 119,500.00 |
| Services | |
| Other | |
| **Total Revenue** | |
| | **119,500.00** |
| | |
| **Costs** | |
| Products | |
| Services | 19,200.00 |
| Other | |
| **Total Cost** | |
| | **19,200.00** |
| | |
| **GROSS PROFIT** | |
| | **100,300.00** |
| | |
| **Operating Expenses** | |
| General and Administrative | |
| Insurance | 2,724.00 |
| Non Recurring | |
| Payroll Taxes | 2,225.00 |
| Rent | 17,009.00 |
| Research and Development | |
| Salaries and Wages | 32,225.00 |
| Sales and Marketing | 2,000.00 |
| Utilities | 4,592.00 |
| Other | 3,100.00 |
| **Total Operating Expenses** | |
| | **63,875.00** |
| | |
| **OPERATING INCOME** | |
| | **36,425.00** |
| | |
| **Non-Operating or Other** | |
| Interest Revenue | |
| Interest Expense | |
| Gain on Sale of Assets | () |
| Loss on Sale of Assets | |
| Gain from Legal Action | |
| Loss from Legal Action | |
| Depreciation and Amortization | |
| Other Gain | |
| Other Loss | |
| **Total Non-Operating or Other** | |
| | **0.00** |
| | |
| **PRE-TAX INCOME** | |
| | **36,425.00** |

**Taxes**

Income Tax Expense
8,365.00

**NET INCOME**
**$28,060.00**

*Belinda Hull*

5-4-24

**Belinda's Southern Cuisine Inc**
**Statement of Income**
**For the Month Ended 07/31/2024**

| | |
|---|---:|
| **Revenues** | |
| Products | |
| Less Returns and Allowances | 122,800.00 |
| Services | |
| Other | |
| **Total Revenue** | |
| | **122,800.00** |
| | |
| **Costs** | |
| Products | |
| Services | 21,500.00 |
| Other | |
| **Total Cost** | |
| | **21,500.00** |
| | |
| **GROSS PROFIT** | |
| | **101,300.00** |
| | |
| **Operating Expenses** | |
| General and Administrative | |
| Insurance | |
| Non Recurring | 2,724.00 |
| Payroll Taxes | |
| Rent | 2,900.00 |
| Research and Development | 17,009.00 |
| Salaries and Wages | |
| Sales and Marketing | 35,980.00 |
| Utilities | 2,500.00 |
| Other | 4,900.00 |
| **Total Operating Expenses** | 3,290.00 |
| | **69,303.00** |
| | |
| **OPERATING INCOME** | |
| | **31,997.00** |
| | |
| **Non-Operating or Other** | |
| Interest Revenue | |
| Interest Expense | |
| Gain on Sale of Assets | |
| Loss on Sale of Assets | |
| Gain from Legal Action | |
| Loss from Legal Action | |
| Depreciation and Amortization | |
| Other Gain | |
| Other Loss | |
| **Total Non-Operating or Other** | |
| | **0.00** |
| | |
| **PRE-TAX INCOME** | |
| | **31,997.00** |

**Taxes**
Income Tax Expense

| | 8,596.00 |
|---|---|

**NET INCOME**

| | **$23,401.00** |
|---|---|

*Belinda Hull*

*5-4-24*

**Belinda's Southern Cuisine Inc**
**Statement of Income**
**For the Month Ended 08/31/2024**

| | |
|---|---:|
| **Revenues** | |
| Products | |
|     Less Returns and Allowances | 125,700.00 |
| Services | |
| Other | |
| **Total Revenue** | |
| | **125,700.00** |
| | |
| **Costs** | |
| Products | |
| Services | 23,990.00 |
| Other | |
| **Total Cost** | |
| | **23,990.00** |
| | |
| **GROSS PROFIT** | |
| | **101,710.00** |
| | |
| **Operating Expenses** | |
| General and Administrative | |
| Insurance | 2,724.00 |
| Non Recurring | |
| Payroll Taxes | 2,900.00 |
| Rent | 17,009.00 |
| Research and Development | |
| Salaries and Wages | 35,980.00 |
| Sales and Marketing | 2,000.00 |
| Utilities | 4,970.00 |
| Other | 3,290.00 |
| **Total Operating Expenses** | |
| | **68,873.00** |
| | |
| **OPERATING INCOME** | |
| | **32,837.00** |
| | |
| **Non-Operating or Other** | |
| Interest Revenue | |
| Interest Expense | |
| Gain on Sale of Assets | |
| Loss on Sale of Assets | |
| Gain from Legal Action | |
| Loss from Legal Action | |
| Depreciation and Amortization | |
| Other Gain | |
| Other Loss | |
| **Total Non-Operating or Other** | |
| | **0.00** |
| | |
| **PRE-TAX INCOME** | |
| | **32,837.00** |

**Taxes**
Income Tax Expense                                              8,799.00

**NET INCOME**                                              $24,038.00

Belinda Hull
5-4-24

**Belinda's Southern Cuisine Inc**
**Statement of Income**
**For the Month Ended 09/30/2024**

| | |
|---|---:|
| **Revenues** | |
| Products | |
|    Less Returns and Allowances | 130,500.00 |
| Services | |
| Other | |
| **Total Revenue** | |
| | **130,500.00** |
| | |
| **Costs** | |
| Products | |
| Services | 24,500.00 |
| Other | |
| **Total Cost** | |
| | **24,500.00** |
| | |
| **GROSS PROFIT** | **106,000.00** |
| | |
| **Operating Expenses** | |
| General and Administrative | |
| Insurance | |
| Non Recurring | 2,724.00 |
| Payroll Taxes | |
| Rent | 2,900.00 |
| Research and Development | 17,009.00 |
| Salaries and Wages | |
| Sales and Marketing | 35,980.00 |
| Utilities | 4,000.00 |
| Other | 4,520.00 |
| **Total Operating Expenses** | 3,590.00 |
| | **70,723.00** |
| | |
| **OPERATING INCOME** | **35,277.00** |
| | |
| **Non-Operating or Other** | |
| Interest Revenue | |
| Interest Expense | |
| Gain on Sale of Assets | |
| Loss on Sale of Assets | |
| Gain from Legal Action | |
| Loss from Legal Action | |
| Depreciation and Amortization | |
| Other Gain | |
| Other Loss | |
| **Total Non-Operating or Other** | |
| | **0.00** |
| | |
| **PRE-TAX INCOME** | **35,277.00** |

**Taxes**
Income Tax Expense                                          9,135.00

**NET INCOME**                                          $26,142.00

Belinda Hull
5-4-24

## Belinda's Southern Cuisine Inc
## Statement of Income
## For the Month Ended 10/31/2024

**Revenues**

| | |
|---|---:|
| Products | |
|     Less Returns and Allowances | 133,009.00 |
| Services | |
| Other | |
| **Total Revenue** | |
| | **133,009.00** |

**Costs**

| | |
|---|---:|
| Products | |
| Services | 25,500.00 |
| Other | |
| **Total Cost** | |
| | **25,500.00** |

| | |
|---|---:|
| **GROSS PROFIT** | |
| | **107,509.00** |

**Operating Expenses**

| | |
|---|---:|
| General and Administrative | |
| Insurance | |
| Non Recurring | 2,724.00 |
| Payroll Taxes | |
| Rent | 2,900.00 |
| Research and Development | 17,009.00 |
| Salaries and Wages | |
| Sales and Marketing | 35,980.00 |
| Utilities | 4,000.00 |
| Other | 4,520.00 |
| **Total Operating Expenses** | 3,800.00 |
| | **70,933.00** |

| | |
|---|---:|
| **OPERATING INCOME** | |
| | **36,576.00** |

**Non-Operating or Other**

| | |
|---|---:|
| Interest Revenue | |
| Interest Expense | |
| Gain on Sale of Assets | |
| Loss on Sale of Assets | |
| Gain from Legal Action | |
| Loss from Legal Action | |
| Depreciation and Amortization | |
| Other Gain | |
| Other Loss | |
| **Total Non-Operating or Other** | |
| | **0.00** |

| | |
|---|---:|
| **PRE-TAX INCOME** | |
| | **36,576.00** |

**Taxes**
Income Tax Expense

| | 9,311.00 |

**NET INCOME**

| | $27,265.00 |

Belinda Hull

5 - 4 - 24